UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL MCCLELLAND, ET AL.**                                **CIVIL ACTION**

**VERSUS**                                                    **NO. 14-1473**

**NEW ORLEANS AND GULF COAST**                                **SECTION "K"(2)**
**RAILWAY COMPANY**

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Doc. 6) filed by plaintiffs, Michael McClelland, et al. ("Plaintiffs") who seek to have this matter remanded to the 25th Judicial District Court for Plaquemines Parish. The motion is before the Court on briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds merit in the motion.

### I. Background

This suit is brought by 28 individuals against defendant New Orleans and Gulf Coast Railway Company ("NOGC"). Plaintiffs contend that NOGC has stored creosote treated railway ties which emit pungent, nauseous odored fumes that "have the potential to negatively affect the health of anyone within a certain radius by causing eye or respiratory tract irritation, headaches, drowsiness, as well as possible weakness and incoordination." (Doc. 1, Petition, ¶ 7). They further contend that NOGC has failed to use any abatement methods to control the migration of "severe fumes" from its property.

As such, plaintiffs maintain that the creosote fumes are a continuing nuisance, forcing them to spend much of the spring/summer months inside and depriving them of the full enjoyment of their property. Moreover, they contend the fumes constitute a continuing nuisance

to those who derive their livelihood working in the immediate vicinity of NOGC's facility. Plaintiffs have had to "endure burning and watering of the eyes, itching and tingling of the skin, as well as irritation of the respiratory system, thus becoming a constant and continual daily nuisance. (Doc. 1, Petition, ¶ 11).

For these alleged actions, plaintiffs seeks damages for (1) loss of use and enjoyment of property; (2) diminution of property value; (3) damage to property; (4) nuisance; (5) emotional distress; (6) remediation costs; and (6) other damages to be discovered. Most importantly, the damages as alleged are not permanent; plaintiffs contend that simple abatement techniques would end the noxious gas emission and thus end their complaints. This case is not one of permanent contamination; it is in the nature of a correctable nuisance.

This case was removed by NOGC pursuant to 28 U.S.C. § 1332 based on its contention that there is complete diversity of citizenship between plaintiffs[1] and defendant and that the mount in controversy exceeds $75,000.00. NOGC maintains that the complaint as outlined above makes it facially apparent that the amount in controversy exceeds the requisite jurisdictional amount. Defendant makes no other showing to support its allegations that the matter is subject to being removed to federal court. With that as background, the Court now turns to an analysis of the law as applied to these facts.

## II. Law and Analysis

---

[1] There is no contention raised that diversity between plaintiffs and defendant exists. Thus, the sole inquiry is whether the requisite amount in controversy is present.

A defendant generally may remove a state court civil action to federal court if the federal court would have original jurisdiction over that action. 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002). The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). As Louisiana prohibits a plaintiff from alleging or demanding a specific dollar amount of damages, a Louisiana petition is silent on the specific amount of damages. In that instance,

> the removing party can meet this burden [to prove jurisdiction exists] in one of two ways: (1) by showing that it is "facially apparent" from the complaint that damages will likely exceed $75,000, or (2) by providing "the facts in controversy-preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount."

*Weston v. Liberty Mut. Fire Ins. co.*, 2011 WL 290341 (E.D. La. Jan. 25, 2011) (Barbier, J.) citing *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). "All doubts and uncertainties regarding federal jurisdiction must be resolved in favor of remand." *Aisola v. Exxonmobil Corp.*, 2009 WL 1455788 (E.D.La. May 22, 2009) (Engelhardt, J.). Moreover, the claims of the individual plaintiffs cannot be aggregated for purposes of jurisdiction, although, if one plaintiff's injuries meet the $75,000.00 threshold, then the Court would have supplemental jurisdiction over all of the claims pursuant to 28 U.S.C. § 1367. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005).

In the instant matter, defendant has not provided facts either in the removal petition or by affidavit to support a finding of requisite amount. Rather, defendant relies on its contention that it is "facially apparent" from the petition that the jurisdictional amount is met. To that end, in its opposition to this motion, it cites a number of cases for that proposition. However, none of them

are analogous to the case at bar.  This case is analogous to *Jones v. Capitol Enterprises, Inc.*, 89 So.2d 474 (La. App. 4th Cir. 2012), *writ den'd*, 99 So.3d 625 (2012).  There, members of a class action brought against the general contractor and owner of a water tower for damages from a project to sandblast and paint that water tower where silica, sand, dust and other particles were released into the surrounding area.  Each of the plaintiffs were awarded by the district court a lump sum of $20,000 for physical pain and suffering, property damage, mental anguish and nuisance and the award was affirmed.

    It is clear from the petition that what is at issue is a group of homeowners and shop owners have had to endure a nuisance that stems from the odor of creosote.  There is no contamination of any of the property owners' land; there is no seepage of waste water, poisonous material or the like. Likewise, there is no allegation that any person has actually come into physical contact with any harmful product. The allegations simply are not analogous to the cases cited by defendant. *See  Hendry v. Meadwestvaco Corp.*, 2009 WL 2135120 (W.D.La. July 10, 2009) (exposure to hydrogen sulfide and other chemicals alleged to have resulted in past, present and future physical pain and suffering, mental anguish and anxiety; future medial rehabilitation, loss of past, present and future wages, earning capacity, and enjoyment of life); *Gordon v. Air Liquide-Big Three Inc.*, 2014 WL  639396 (M.D. La. Feb. 18, 2014 (series of explosions and fires caused 8 plaintiffs alleged damages for (1) past and future pain, suffering and disfigurement; (2) past and future emotional distress, anxiety and fear; (3) past and future medical expenses; (4) loss of income and earning capacity; aggravation of pre-existing conditions; property damages and diminution in value of property; (5) remediation costs; (6) evacuation causes; (7) loss of enjoyment of life).  *Soileau v. Olin Corp.,* 467 So.2d 128 (La. App.

3rd Cir. 1985) (exposure to Phosgene gas which is a highly toxic substance used as a chemical weapon during World War I caused serious disabling psychological condition–a dysfunction in the brain); *Jeffery v. Thibaut Oil Co.,* 652 So.2d 1021 (La. App. 5th Cir. 1995) (gas station customer doused with gasoline when hose broke causing dry eye syndrome and moderate to sever posttraumatic stress disorder with high probability of developing serious physical disease in the future all requiring medical treatment and medication).

Moreover, two of the cases cited by defendant actually demonstrate that plaintiffs possible award will not meet the $75,000.00 threshold. *See Williams v. City of Baton Rouge,* 731 So.2d 240 (La. 1999) (landowners awarded damages for trespass for city's unlawful entry on property and conducting excavation project to maintain alleged natural drainage channel were limited in their award for mental anguish to $12,500 to $35,000 where they were subjected to open ditches causing increased presence of rats, snakes and other vermin on property and having to forego hobbies as a result); *Holzenthal v. Sewerage & Water Bd. of New Orleans*, 950 So.2d 55 (La. App. 4th Cir. 2007), *writ denied,* 953 So.2d 71 (La. 2007) (mental anguish awards for homeowners' property damage in amount of $15,000, $25,000 and $25,000 were not excessive).

Additionally, as to the cases cited for the proposition that plaintiffs' claims for nuisance and loss of use and enjoyment of property satisfy the jurisdiction amount, irrespective of any other claim, defendant cites not one Louisiana case.  Finally, as noted above, the Louisiana cases cited by defendant to support its allegation of "facially apparent" allegations of damages in excess of $75,000.00  all entail fact patterns that far exceed the harm alleged and the damages allegedly caused by NOGC at issue here.

Thus, defendant has failed in its burden to prove that this Court has jurisdiction and as such, plaintiffs' Motion to Remand must be granted. Accordingly,

**IT IS ORDERED** pursuant to 28 U.S.C. 1447(c) that Plaintiffs' Motion to Remand (Doc. 6) filed by plaintiffs, Michael McClelland , et al. is **GRANTED** and this matter is hereby **REMANDED** to the 25th Judicial District Court for Plaquemines Parish.

New Orleans, Louisiana, this 6th day of November, 2014.

                                               STANWOOD R. DUVAL, JR.
                       UNITED STATES DISTRICT COURT JUDGE